589 F.2d 249
 UNITED STATES of America, Plaintiff-Appellee,
v.
Enrique GARCIA, Jr., Guadalupe Garcia, Amadeo Uresti Garza,
Rogelio Jose De La Garza, Roberto Lopez Hernandez, Juventino
Salinas Munoz, Joseph Gonzalez Alvarado, Ramiro Gonzalez
Alvarado, Rogelio Arenas, Santiago Casiano, Jr., Ernesto
Johnny Gonzalez, Rodolfo Gonzalez, Rogelio Gonzalez, Eliseo
Reyes Guerra, Carlos Nieto, Julian Herrera Mendoza,
Natividad Ocanas, a/k/a Villa, Majin Sauceda Reyes, Luis
Gumaro Tamez and Pablo Villa, Defendants-Appellants.
 No. 78-1657
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Feb. 8, 1979.
 Homer Salinas, Mercedes, Tex., for E. Garcia, G. Garcia, A. Garza, R. Garza, R. Hernandez.
 Phil Harris, Weslaco, Tex., Eduardo Roberto Rodriguez, Brownsville, Tex., for Munoz.
 L. Aron Pena, Edinburg, Tex., for J. Alvarado, R. Alvarado, R. Arenas, S. Casinao, E. Gonzalez, R. Gonzalez, R. Gonzalez, E. Guerra, C. Nieto, J. Mendoza, N. Ocanas, M. Reyes, L. Tamez, P. Villa.
 J. A. Canales, U. S. Atty., John M. Potter, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Tom Beery, Asst. U. S. Atty., Brownsville, Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.
 Appeals from the United States District Court for the Southern District of Texas.
 Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from the lower court's order denying defendants' motions to dismiss the indictment on the ground the indictment constitutes double jeopardy. The court's order is appealable. Abney v. U. S., 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651. Appellees also urge us to decide that their right to due process was violated by the government's alleged use of certain potentially incriminating information which several defendants gave to probation officers in connection with a court-ordered presentence report and a possible plea settlement.
 
 
 2
 I. The double jeopardy claims in this case involve five distinct instances of possible former jeopardy.
 
 
 3
 1. Appellants were indicted on September 13, 1977 on various drug-related charges. With the exception of Santiago Casinao, Jr., Joseph Gonzalez Alvarado, Jr. and Juventino Salinas Munoz, they negotiated a plea bargain with the government. But when the District Judge refused to accept the sentences recommended by the government as part of the plea agreement, the appellants withdrew their guilty pleas. Then, because of a superseding indictment for the same offenses, the District Judge granted the government's motion to dismiss the original indictment. Appellants now argue that the second indictment places them in double jeopardy.
 
 
 4
 The law is settled in this area. The Supreme Court has stated consistently that a prosecution does not sufficiently "jeopardize" a defendant for purposes of the Double Jeopardy clause until the defendant is "put to trial before the trier of facts." United States v. Jorn, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543. In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn. Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24. In a non-jury trial, jeopardy attaches when the first witness is sworn. Serfass v. United States, 420 U.S. 377, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265. Since the original prosecution in this case did not reach either of these stages, jeopardy had not yet attached and there is no double jeopardy violation. See also United States v. Jasso, 442 F.2d 1054 (5th Cir. 1971) (no double jeopardy where defendant was reindicted after government confessed error and moved to vacate original conviction and remand for a new trial).
 
 
 5
 2. Casinao and Gonzalez Alvarado, also named in the original indictment, did not plea bargain. Their trial was scheduled to begin in February, 1978. The jury was selected on January 6, but was never sworn. Both defendants were named in the second, superseding indictment of January 31, and the trial on the original indictment was cancelled when the Court dismissed that first indictment.
 
 
 6
 As we said earlier, the Supreme Court has said that jeopardy does not attach in a jury trial until the jury is empaneled and sworn. Crist v. Bretz, supra. Since the jury in the trial of these defendants had not yet been sworn, jeopardy did not yet attach in the original prosecution and the second prosecution was not double jeopardy.
 
 
 7
 3. Appellant Julian Jerrera Mendoza was tried in 1976 on the charges of importing marijuana and possessing marijuana with intent to distribute. He was acquitted on the importation charge and convicted on the possession charge.
 
 
 8
 In the instant prosecution Mendoza has been charged with, among other things, conspiracy offenses apparently related to the previously prosecuted substantive offenses. While conspiracy is normally a sufficiently distinct offense from an underlying substantive offense so that the Double Jeopardy clause does not bar prosecution of both, U. S. v. Jasso, 442 F.2d 1054 (5th Cir. 1971), there has been considerable debate in the courts recently about the double jeopardy problem in combined conspiracy and substantive offense prosecutions involving virtually identical elements and evidence. See, e. g., U. S. v. Austin, 529 F.2d 559 (6th Cir. 1976), Contra U. S. v. Kearney, 560 F.2d 1358, 1365, 1367 (9th Cir. 1977). We note that in our own Circuit a District Court recently decided a version of this question, and that the appeal of that decision is pending. U. S. v. Cowart, No. CR 77-200 A (N.D.Ga.1978), Appeal docketed, No. 78-5175 (5th Cir. March 6, 1978).
 
 
 9
 We do not reach that question in this case because we find that the offenses of conspiracy to import and to possess marijuana with the intent to distribute and the substantive offenses of importation and possession with intent are sufficiently distinct, with each involving the proof of a fact not required for conviction of the others, Blockburger v. U. S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to satisfy the requirements of the Double Jeopardy clause.
 
 
 10
 4. Appellant Tamez, tried in 1974 on a similar drug charge, contends the instant prosecution places him in double jeopardy. We agree with the District Court that the instant prosecution does not violate the Double Jeopardy clause because it does not charge the same offense tried in 1974.
 
 
 11
 5. Tamez also claims that an indictment against him in Oklahoma for a related offense makes the instant prosecution double jeopardy.
 
 
 12
 This claim fails on two grounds. First, the Oklahoma indictment charged a different offense conspiracy to distribute drugs; as opposed to the importation and possession conspiracies charged in the instant prosecution. Second, the lower court apparently found, based on evidence in the record (R. 142.), that the Oklahoma indictment was dismissed before the accused was put to trial before the trier of fact. This finding was not clearly erroneous.
 
 
 13
 II. Appellants also raise a serious and factually complex question about the government's possible use of confidential probationary information in obtaining a superseding reindictment. However, this matter is not properly appealable at this point. Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).
 
 
 14
 The order of the lower court is affirmed.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I