**Leon Calvin PORTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–01008–CR.**

Court of Appeals of Texas, Dallas.

April 24, 1986.

Richard Weaver, McKinney, for appellant.

H. Ownby, Crim. Dist. Atty., McKinney, for appellee.

Before VANCE, DEVANY and SCALES, JJ.

DEVANY, Justice.

Leon Calvin Porter appeals his conviction of forgery by possession with intent to pass. The jury, after finding the enhancement allegations to be true, assessed punishment at 25 years. Because we agree with appellant's contention that the evidence is insufficient to sustain the jury's guilty verdict, we reverse the judgment of the trial court and remand for entry of a judgment of acquittal.

Appellant was arrested at the First National Bank of Allen, Texas on September 13, 1984 while attempting to pass two cashier's checks payable in amounts of $470.64 and $192.49 on which the payee's name had been altered. The named payee on the altered checks was Sidney Lee Reeves, who described himself as a partner of appellant

in the used tire business. Reeves had driven appellant to the bank and was waiting outside of the bank for him. Reeves had endorsed the checks on the back.

The State introduced evidence that the cashier's checks in question had been stolen the day before appellant was arrested. The State's complaining witness, Kristine Brown, testified that the checks, which originally had been made payable to "Christmas Around the World," had been in her purse when her purse was stolen the day before appellant was arrested. She testified that as she left a mall that day, she saw a white "hippie looking" man with straggly hair on a motorcycle next to her car. Brown testified that she thought she had put her purse in the car. However, when she got home, she realized that her purse was missing.

At trial, the State proved that the cashier's checks were forged. The controversy centers upon whether the State sufficiently proved that appellant possessed the requisite "intent to defraud or harm" when he attempted to pass them. TEX.PENAL CODE ANN. § 32.21(b) (Vernon 1974). The standard of review which we must apply is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Carlsen v. State*, 654 S.W.2d 444, 449–50 (Tex.Crim.App.1983) (on rehearing). In a forgery case, this includes intent to defraud or harm, a finding of which requires a showing that the defendant knew that the instrument that he attempted to pass was forged. *See Stuebgen v. State*, 547 S.W.2d 29, 32 (Tex.Crim.App.1977).

Although appellant did not testify at the guilt/innocence phase of the trial, the State provided appellant's explanation for being in possession of the checks. The State introduced testimony through several witnesses and a tape recorded statement by Reeves that appellant had consistently stated that he was in the business of buying and selling used tires and that appellant had taken the checks in question in payment for the sale of tires. Further evi-

dence was introduced that the individual who bought the tires from appellant "looked kind of scroungy" and was not a "flashy dude." Other evidence showed that because appellant did not have identification to cash a check, the check was made payable to his partner, Reeves. The evidence on this transaction is unclear on whether appellant or the alleged tire buyer filled in Reeves's name as the payee.

In maintaining that it sufficiently proved that appellant knew that the checks were forged, the State relies on considerable evidence that the checks had obviously been altered by erasure and that appellant must have been aware of these alterations because he knew that a bank and a convenience store had each refused to cash the checks for appellant and Reeves because of the alterations. The State further points out that the carbon copies of the certified checks, upon which the name of the original payee could still be discerned on close examination, were in appellant's possession when he was arrested. While the State attempts to use these facts as numerous distinct pieces of circumstantial evidence tending to show that appellant possessed the requisite intent to defraud or harm, we conclude that they show only that appellant was aware that the checks had been altered, but *not* that they had been altered *illegally*. This evidence, alone, is insufficient to establish intent to defraud or harm. *Spencer v. State*, 700 S.W.2d 300, 302 (Tex. App.—Austin 1985, no pet.).

The State further points out that the cashier's checks were stolen only the day before appellant was arrested for attempting to pass them. While close proximity in time between a theft and attempt to pass may be probative in some instances on the issue of intent to defraud or harm, we cannot agree in this instance that a one day time interval is probative on the issue of knowledge of the forgery, because the evidence indicates that appellant, who is black, was not the initial thief.

Appellant made no statement from which it could be inferred that he knew the instruments were forged; he did not falsely represent himself; there was no evidence connecting appellant to the theft of the complainant's purse which contained the checks; and appellant made no attempt to flee and was cooperative with the police. *See Crittendon v. State*, 671 S.W.2d 527, 528 (Tex.Crim.App.1984). We conclude that, even without the exculpatory evidence first introduced by the State that appellant received the checks in payment for tires, there is not sufficient evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant possessed the intent to injure or defraud that is required for conviction. Because the State has not directly or indirectly disproved the exculpatory statements that it offered, appellant is also entitled to an acquittal on this basis. *Gonzales v. State*, 685 S.W.2d 385, 387 (Tex.App.—San Antonio 1985, pet. ref'd).

The judgment of the trial court is reversed. The cause is remanded to the trial court with instructions that the trial court enter a judgment of acquittal.