Virginia GUZMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–461–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 28, 1987.

Rehearing Denied Sept. 24, 1987.

Discretionary Review Refused
Feb. 3, 1988.

Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Edinburg, for appellee.

Before DORSEY, UTTER and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Appellant was convicted of forgery by passing an instrument knowing it to be forged in violation of Tex.Penal Code Ann. § 32.21(a)(1)(B) (Vernon 1974), and sentenced to nine years' imprisonment.

By three points of error, appellant challenges the sufficiency of the evidence and asserts that the charge is fundamentally defective.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

By her first point, appellant challenges the sufficiency of the evidence, asserting that the State failed to prove appellant knew the check was a forgery when it was passed to Debbie Trevino.

Debbie Trevino, a teller at a drive-in window at the Central National Bank in Pharr, Texas, testified that she received a check from appellant to be cashed, drawn on the account of Jessie Ochoa, a customer of the bank. Ms. Guzman, the appellant, had driven up to Ms. Trevino's window accompanied by another woman. The teller refused the check because the date appeared to have been altered. After a discussion between appellant and her companion, appellant drove off, only to return later that same day. When she returned, again accompanied by the same woman, she presented another check drawn on the account of Mr. Ochoa in the amount of $200.00, payable to Minerva P. Riojas, accompanied by the drivers license of Ms. Riojas. The teller cashed the check which later became the basis of this prosecution.

Mr. Jessie Ochoa testified he did not sign the check nor did he give anyone the right

to sign it for him. He discovered the forgery when he received his bank statement, which in turn led to his discovery that certain checks were missing from his checkbook. Although he said he did not know the appellant, he had met her at a bar and later at his house when she was in the company of three other women, one of whom was Maria Lourdes Cantu. While the four women were in his house, which was for sale at the time, his checkbook was on a bar in the living room. He testified that was the only occasion that he could recall when checks could have been taken from his checkbook. He did not discover the loss of the checks until after the forgery because he did not record the numbers of his checks.

The fingerprints of the appellant, Ms. Guzman, and Maria Lourdes Cantu were found on the check that was cashed by the bank teller.

The named payee on the forged check, Minerva P. Riojas, testified that she did not know the appellant or Mr. Ochoa, and that her drivers license was stolen, and that she did not cash the check.

Appellant argues that the evidence is insufficient to support the conviction in that there is no evidence appellant knew the instrument she passed was forged. However, there is evidence from which the jury could have found the appellant knew the check was forged. Scienter, or guilty knowledge, may be proven by circumstantial evidence. *Stuebgen v. State*, 547 S.W.2d 29 (Tex.Crim.App.1977). First, the appellant attempted to cash a check drawn on Mr. Ochoa that was disallowed by the teller; after conferring with her passenger, she returned and cashed the forged instrument. Second, in cashing the instrument she presented stolen identification of Minerva Riojas, and the check was made payable to Minerva Riojas. She thus represented herself to be the payee. Third, she was present when the check that was later forged was stolen from Mr. Ochoa. We hold the evidence sufficient. *See Wilson v. State*, 605 S.W.2d 284 (Tex.Crim. App.1980); *Ware v. State*, 475 S.W.2d 282 (Tex.Crim.App.1972). Appellant's first point of error is overruled.

By her second point of error, appellant asserts that the evidence is insufficient because the State failed to prove that Maria Lourdes Cantu committed the charged offense and that appellant solicited, encouraged, directed, aided or attempted to aid her in its commission.

The court's charge requires the State to prove that appellant committed the offense either by her own conduct or by assisting Cantu. The evidence, as discussed above, is sufficient for the jury to have found that appellant committed the offense by her own conduct. There being no necessity to address appellant's second point of error, it is hereby overruled.

By her third point of error, appellant claims that the charge is fundamentally defective because it fails to apply the law of parties to the facts of this case. Specifically, appellant asserts fundamental error because the charge authorized the jury to convict appellant as a "party" without requiring a finding that Maria Lourdes Cantu committed the offense.

Since appellant did not object to the charge, any error in the charge must be fundamental to require reversal, and reversal will be obtained only if the error created such harm that appellant was deprived of a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. —1984). The actual degree of harm must be assayed in light of the entire jury charge, and state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Id.* at 171.

As the evidence is sufficient to sustain appellant's conviction as a primary actor, the proof of her guilt through Cantu's actions is not necessary. Thus, if the charge was erroneous as to the law of parties, such error does not rise to the level of harm depriving appellant of a fair trial. The court's charge does not contain funda-

mental error. Appellant's third point of error is overruled.

The judgment of the trial court is AFFIRMED.