Donald Ray GALE, Appellant,

v.

The STATE of Texas, State.

No. 2–87–052–CR.

Court of Appeals of Texas,
Fort Worth.

March 24, 1988.

Brantley Pringle, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Betty Stanton, Asst. Dist. Atty., Fort Worth, for State.

Before BURDOCK, HILL and FARRIS, JJ.

## OPINION

FARRIS, Justice.

Donald Ray Gale, appellant, was convicted of injuring a child. *See* TEX.PENAL CODE ANN. sec. 22.04(a)(1) (Vernon Supp. 1988). Appellant was sentenced by the jury to twenty-five years confinement in the Texas Department of Corrections. He now raises four points on appeal attacking the sufficiency of the evidence and the admission of evidence of uncharged conduct that took place six months after the injury to the child was committed.

We overrule all of appellant's points and affirm his conviction.

Appellant was living with Judy Jankelevich Coleman in March of 1985. Coleman had a three-year-old son, P——, who lived with her. On the night of March 13, 1985, the authorities were summoned to their apartment because P—— had stopped breathing. Firemen who responded to the call noticed burns on the child's legs. When asked about the burns, appellant simply asked, "What burns?" Later he told a police officer that he left the child in the bathtub, heard him scream, and found him in the tub with the hot water turned on. P—— died at the hospital that night.

Appellant's first three points argue that the evidence was insufficient to support the jury's verdict because the evidence was all circumstantial, because the jury was not instructed properly on circumstantial evidence, and because the State failed to disprove an exculpatory statement by the appellant.

■ In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App. 1984); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g). A conviction cannot be sustained if the evidence leaves any reasonable doubt as to the guilt of the accused. *Jackson v. Virginia,* 443 U.S. 307, 317–18, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560, 572–73 (1979). Thus, it follows that a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App.1984); *Jackson,* 672 S.W.2d at 803.

■ A person commits the crime of injury to a child if he: (1) intentionally,

knowingly, recklessly, or with criminal negligence; (2) by act or omission; (3) engages in conduct that causes a child of the age of fourteen years or younger; (4) serious bodily injury. *See Huff v. State*, 660 S.W.2d 635, 638 (Tex.App.—Corpus Christi 1983, pet. ref'd). Having examined the evidence in the record, we find that a rational trier of fact could have found all of these elements beyond a reasonable doubt.

Much of the evidence in this case is necessarily circumstantial due to the fact that at the time the injury to P_____ occurred, appellant and P_____ were the only ones in the apartment. The evidence presented at trial showed that P_____ was aged three years and ten months at the time of his death. Dr. Marc Krouse, Deputy Chief Medical Examiner for Tarrant County, testified that P_____ was burned by being dipped into a hot liquid four to six inches deep for four or five seconds. The heat of the scalding liquid melted the fat in P_____'s legs. The resulting fat emboli traveled through the bloodstream to the brain, causing P_____'s death. He also testified that the burns were not caused by new liquid being added to an existing body of liquid, as in the case of the hot water being accidentally turned on while the child was already in the tub.

When the authorities arrived at the scene, the appellant at first acted as though he did not know of any burns. He later stated to the authorities that P_____ accidentally scalded himself.

Appellant took the stand and testified that P_____ scalded himself when P_____ accidentally turned on the hot water in the bathtub. He further testified that he heard the child screaming, and pulled him from the hot water. The jury chose to believe the testimony of Dr. Krouse that these types of burns were not consistent with the events described in appellant's testimony. We believe this is a conclusion that could have been reached by a rational trier of fact. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the court should have granted his motion for instructed verdict because the State did not refute his statement that P_____ accidentally scalded himself by turning on the hot water in the tub. This exculpatory statement was contained in appellant's statement to the police. Prior to September 1986, and the adoption of the Texas Rules of Criminal Evidence, the State was bound to disprove an exculpatory statement contained in a confession beyond a reasonable doubt.

We disagree. In *Palafox v. State*, 608 S.W.2d 177 (Tex.Crim.App.1979), the Court of Criminal Appeals held that where the State introduces a confession or statements of the accused containing exculpatory statements, the State is bound by the exculpatory portion unless it is refuted by other evidence. Since *Palafox*, however, the Court of Criminal Appeals has adopted the Texas Rules of Criminal Evidence, which were in effect at the time of appellant's trial. TEX.R.CRIM.EVID. 607 provides that "[t]he credibility of a witness may be attacked by any party, including the party calling him." The Court of Criminal Appeals has indicated in an unpublished opinion that Rule 607 abrogates the "voucher rule" set forth in *Palafox*. *See Ibanez v. State*, 749 S.W.2d 804 (Tex.Crim.App.1986) (reh'g pending)[1] n. 3. Since the *Ibanez* opinion, our sister Court of Appeals in Austin has explicitly held that Rule 607 abrogates the "voucher rule" of *Palafox*. *See Brown v. State*, 725 S.W.2d 801, 808, n. 7 (Tex.App.—Austin 1987, no pet.). We agree. We therefore overrule appellant's second point of error.

Appellant's third point of error contends that the jury should have been given a limiting instruction on circumstantial and opinion evidence. The Texas Rules of Criminal Evidence make it clear that the opinion testimony of an expert witness, such as Dr. Krouse, may embrace an ultimate issue to be decided by the jury. *See*

CRIM.EVID. 607.

---

1. Even though *Ibanez* is not yet final, we agree with its rationale regarding the effect of TEX.R.

TEX.R.CRIM.EVID. 704. Furthermore, the requirement that the jury be specially instructed on circumstantial evidence has now been abandoned by the Court of Criminal Appeals. *See Meanes v. State*, 668 S.W.2d 366, 372 (Tex.Crim.App.1983); *Hankins v. State*, 646 S.W.2d 191, 198 (Tex.Crim.App.1981). We therefore find no error resulting from a failure to give a limiting instruction on circumstantial and opinion evidence. Appellant's point of error three is overruled.

In his fourth point of error, appellant contends that the trial court should not have allowed Coleman, P——'s mother, to testify over objection that appellant assaulted her six months after the child's death. The State argues that this testimony was elicited on cross-examination to rebut a defensive theory put forward by the appellant.

■ It is a fundamental principle of law that an accused is entitled to be tried on the accusation made in the State's pleading and not for some collateral crime or for being a criminal generally. *Smith v. State*, 646 S.W.2d 452, 455 (Tex.Crim.App. 1983). Therefore, the State is generally prohibited from proving prior specific acts of misconduct, similar happenings, or extraneous offenses committed by the accused. *Elkins v. State*, 647 S.W.2d 663, 665 (Tex.Crim.App.1983). The reason for this rule is that although the evidence has some legal relevance to the general issue of whether the accused committed the act charged, it is inadmissible because it is inherently prejudicial, tends to confuse the issues in the case, and forces the accused to defend himself against charges which he had not been notified would be brought against him. *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App.1972). *See also Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim.App.1983).

■ Coleman was originally called as a defense witness. She testified that the relationship between appellant and P—— was a close, loving relationship. She further testified that appellant never spanked P—— and repeated her assertions that appellant never abused or mistreated him.

On cross-examination by the State, Coleman testified that on three different occasions P—— suffered unexplained respiratory distress and vomiting while being left alone with the appellant.

The defense recalled Coleman as a surrebuttal witness. She testified that these episodes also followed P——'s visits to the child's adoptive father and her ex-husband, and that he had abused both P—— and her. On cross-examination, the State elicited testimony that appellant had punched Coleman in the mouth six months after the child's death. On redirect examination, she testified that this was the only time that appellant assaulted her and that he had never assaulted her or P—— during P——'s lifetime.

■ Evidence of an extraneous offense is admissible to refute a defensive theory. *See Albrecht*, 486 S.W.2d at 100–01. A defensive theory is one which, if believed, negates the culpability of the accused. *See Chanslor v. State*, 697 S.W.2d 393, 395 (Tex.Crim.App.1985). Therefore, the admissibility of the assault turns on whether there was any defensive theory and, if so, whether the evidence of the assault tends to rebut it.

■ We disagree with the State's position. The theory allegedly raised by appellant, that P——'s adoptive father had abused him, cannot by any twist of logic be termed a defensive theory. Even if such facts were indisputably true, they in no way negate the appellant's culpability for the incident that took place on March 13, 1985. Proof that *someone other than the appellant* had abused P—— on *past occasions* does not shed even the barest quantum of light on the question of whether *the appellant* intentionally or knowingly engaged in conduct that caused serious bodily injury to P——. The State cannot therefore clear the first hurdle of showing a true defensive theory susceptible to rebuttal.

Even if we were to assume that appellant raised a defensive theory, we fail to see how the State's evidence rebuts it. The State's "rebuttal" amounts to a showing

that Coleman, not P_____, was abused both by her former husband and the appellant. Any rebuttal value in such evidence is further attenuated by the fact that appellant's assault on Coleman was an isolated incident that occurred six months *after* P_____'s death.

In sum, we believe that it was error to admit evidence of the assault. We must next determine whether such error harmed appellant.

We note first of all that appellant failed to request instruction limiting the jury's consideration of the extraneous offense. We also note that even though references to the assault were made during the State's argument, appellant failed to object. Appellant received only a twenty-five year sentence when the jury could have sentenced him to confinement for life. Under these circumstances we determine beyond a reasonable doubt that the State's error made no contribution to appellant's conviction or punishment. *See* TEX.R. APP.P. 81(b)(2). We overrule appellant's fourth point.

Appellant's conviction is affirmed.