**James Daniel TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–88–00722–CR to
05–88–00724–CR.**

Court of Appeals of Texas,
Dallas.

May 31, 1989.

Lawrence B. Mitchell, Dallas, for appellant.

Teresa Tolle, Dallas, for appellee.

OPINION

BURNETT, Justice.

James Daniel Turner appeals his two convictions for theft of property and conviction for unauthorized use of a motor vehicle. On May 16, 1988, pursuant to a plea bargain, Turner plead guilty to the three charges and true to the two enhancement paragraphs. After finding Turner guilty, the judge assessed punishment at twenty-seven years' confinement for each of the offenses and a cumulative fine of

nine hundred dollars. In his sole point of error, Turner contends that his convictions are invalid because the trial unconstitutionally placed him in double jeopardy. We disagree and affirm the judgment of the trial court.

Turner was indicted for two counts of theft of property. Each of the indictments read: "to-wit: one automobile of the value of $750 or more but less than $20,000." He was also indicted for unauthorized use of a motor vehicle. Pursuant to a plea bargain agreement, Turner pled guilty to the three charges and true to the two enhancement paragraphs. As its sole evidence, the State offered Turner's signed judicial confession in each cause and rested its case.

Turner took the stand and during direct examination, although he was represented by counsel, objected as follows:

TURNER: The judicial confession is insufficient as far as alleging any kind of automobile which is—I can't see how the value would be determined without alleging a particular kind.

THE COURT: If you admit that, what's alleged in the indictment, which is what your judicial confession does—

TURNER: What I did is admitted to the allegation in the indictment.

THE COURT: That's right.

TURNER: The indictment does not allege any particular kind of automobile and the determination of value would have to be made.

THE COURT: Let me get to the point because I'm pretty busy this morning, Mr. Turner. If you contest any of these issues, we could have a jury decide them. I'll be honest with you. I think you're probably going to be found wrong, what you are objecting to. That's the second time you have objected during the progress of this plea. I'm under the impression that you want a jury trial on these cases and I'm going to let you withdraw your pleas of guilty and true at this time—

TURNER: At this time I haven't entered—

At this point the trial judge withdrew his approval of the plea bargain and instructed the State to select a date for a jury trial.

Approximately three months later, additional proceedings were had before the trial court. Turner asserted that he wanted to challenge the proceedings by pleading former jeopardy based on the February 10, 1988 hearing. Turner testified that in the earlier hearing he had been trying to preserve a sufficiency of evidence point of error.[1] Upon examination by the court, the following exchange took place:

THE COURT: So all you're really complaining about is that you weren't allowed to complete the hearings that morning and follow the plea bargains out and then if you wanted to try to attack them on some basis, you could; is that right?

TURNER: That's correct.

THE COURT: So what you would like to do today is just put everything back where it was on that date and go forward; is that a fair statement?

TURNER: That's true.

THE COURT: All right. We'll do it. The court then accepted Turner's original guilty pleas and sentenced him pursuant to the original plea agreement. In an additional hearing, the trial court gave Turner leave to appeal the convictions on any issues considered meritorious by his attorney.

In his sole point of error, Turner contends that the first proceedings operate to bar the conviction because he was placed in double jeopardy at the second hearing. The fifth amendment double jeopardy clause gives rise to three separate guarantees which are as follows: 1) to protect against a second prosecution for the same offense after acquittal; 2) to protect against a second prosecution for the same offense after conviction; 3) to protect against multiple punishments for the same offense. *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980). However, the protections provided by both the United States and Texas constitutions are not implicated until the accused has been placed in jeopardy. Jeopardy at-

---

1. Turner has not attacked the sufficiency of the    evidence in this appeal.

taches in a nonjury trial when the first witness is sworn or the judge begins to receive evidence. *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977); *Hill v. State,* 730 S.W.2d 86 (Tex.App.— Dallas 1987, no pet.).

■ In the instant case, jeopardy attached when Turner was sworn and began to testify at the February 10, 1988 hearing. In a felony case, such as the case at bar, the State must introduce evidence sufficient to support a judgment even when the defendant pleads guilty. TEX.CODE CRIM.PROC.ANN. § 1.15 (Vernon 1977). Although it appears from the record that Turner was trying to attack the sufficiency of the State's evidence, because the State rested without introducing evidence, the trial judge took Turner's objection to be a denial of guilt and withdrew his approval of the plea bargain. *See Moon v. State,* 572 S.W.2d 681, 682 (Tex.Crim.App.1978); TEX.CODE CRIM.PROC.ANN. art. 26.14 (Vernon 1989).

At the second hearing, Turner indicated that his complaint was that he was not allowed to complete the plea bargaining arrangement at the earlier hearing. Thus, if a jury trial was held at the second hearing, he would be in jeopardy a second time. When asked by the court if he would like to "put everything back where it was on that date and go forward," Turner responded "that's true." Thus, the trial court merely reinstated the original guilty pleas and assessed the penalty originally agreed upon in accordance with Turner's wishes. We cannot say that the second hearing resulted in: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; or 3) multiple punishments for the same offense. *Vitale,* 447 U.S. at 415, 100 S.Ct. at 2264. Accordingly, Turner's point of error is overruled.

The judgments of the trial court are affirmed.