**Karen Holley DIGGS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–95–00783–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 29, 1996.

Christopher Edward Duncan, Angleton, for appellant.

David Bosserman, Angleton, for appellee.

Before LEE, HUDSON and EDELMAN, JJ.

**OPINION**

HUDSON, Justice.

Appellant was convicted of forgery by a jury.[1] After finding two enhancement paragraphs to be true, the jury assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 17 years and a $2,000 fine. In two points of error, appellant contends: (1) that the trial court erred in limiting her cross-examination of the complaining witness; and (2) that it was legally impossible for her to commit a forgery because she held a community interest in the funds. We affirm the judgment of the trial court.

Virgil Raymond Diggs, the complainant, was previously married to the appellant. The couple separated in May of 1993, and Mr. Diggs changed one of their joint checking accounts to a separate account. On August 12, 1993, Mr. Diggs wrote a check to the appellant from this separate account in the amount of $200.00. Without Diggs' knowledge or permission, appellant altered the amount of the check from $200.00 to $2,000.00. Appellant took the forged check to the First National Bank of Alvin, deposited it in her account, and immediately withdrew $2,000.00 in cash.

In her first point of error, appellant claims she was denied the opportunity to cross-examine the complaining witness, her ex-husband, concerning his possible malice, animus, ill will, bias, or prejudice toward her. Specifically, appellant sought to question Mr. Diggs about his attempts to repay the bank for the cash appellant had taken, his personal reservations about signing the complaint against her, his feelings about the division of the community estate, his relationship with appellant at the time of the forgery, other joint bank accounts the couple held, and finally, his previous conviction for driving while intoxicated. The trial court sustained the State's objections to these questions on the ground of relevance.

Any question asked of a witness on cross-examination which might have a tendency to affect the witness' credibility is a proper question. *Koehler v. State,* 679 S.W.2d 6, 9 (Tex.Crim.App.1984). However, when an accused testifies at the punishment stage of the trial and admits the offense, any error occurring at the guilt/innocence phase of the trial is waived. *McGlothlin v. State,* 896 S.W.2d 183, 186 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 116 S.Ct. 219, 133 L.Ed.2d 150 (1995); *DeGarmo v. State,* 691 S.W.2d 657, 661 (Tex.Crim.App.), *cert. denied,* 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985). Here, appellant testified at the punishment phase of the trial that she altered the check and passed it without Mr. Diggs' knowledge or permission. By making a judicial confession at the punishment phase of her trial, appellant effectively entered a guilty plea. In addition to waiving any issue regarding sufficiency of the evidence, appellant has waived all evidentiary issues from the guilt/innocence phase of the trial. Appellant's first point of error is overruled.

In her second point of error, appellant contends it was legally impossible for her to commit the offense of forgery. To sustain a conviction for forgery, the State had to prove that appellant altered the check with an intent to defraud or harm another. TEX. PENAL CODE ANN. § 32.21(b) (Vernon 1989). Appellant claims that although the bank account was in Mr. Diggs' name alone, the funds contained therein were presumed to be community property. TEX. FAM.CODE ANN. § 5.02 (Vernon 1993). Thus, it is urged that because she held a community interest in the account, appellant's withdrawal of the funds could not have been accompanied by an intent to harm or defraud another.

We have found no case decided by a Texas court dealing with the issue of forgery between a husband and wife. The State offers the case of *Green v. State,* which holds that a business partner, though he possesses an interest in and is authorized to draw checks on the partnership account, may nevertheless be guilty of an offense when he forges his

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts 1993, 73rd Leg., Ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

partner's name. *Green v. State,* 761 S.W.2d 824, 826–27 (Tex.App.—Dallas 1988, no pet.). The decision is rendered less persuasive here by the fact that marriage is accompanied by community property considerations that do not exist in the context of a partnership. We look, therefore, for guidance from another jurisdiction that shares our Spanish-law heritage of community property. *See* Tex. Const. art. XVI, § 15 interp. commentary (Vernon 1993).

In *People v. Crowder,* 126 Cal.App.2d 578, 272 P.2d 775 (1954), the court acknowledged that husbands and wives frequently use sums of money nominally belonging to or under the control of the other spouse for their own personal convenience. *Id.* 272 P.2d at 779. Every community dollar is not spent in the shadow of the Penal Code, and acts such as these cannot be considered criminal. *Id.* Forgery, however, is a serious matter because it disrupts commercial transactions based on the most common and necessary methods of extending credit. *Id.* The *Crowder* court held that while an account may be community property, one spouse does not have automatic authority to sign the other's name to checks. *Id.*

■ California, like Texas, recognizes that one of the primary elements of forgery is the intent of the accused to defraud or harm another. *Id.; Green,* 761 S.W.2d at 826; *Tatum v. State,* 649 S.W.2d 822, 823 (Tex.App.—San Antonio 1983, no pet.). If a spouse possesses the necessary intent to harm or defraud when the check is passed, he or she may be guilty of forgery. *Crowder,* 272 P.2d at 779. This intent may be inferred from the conduct of the accused and circumstances surrounding the forgery. *Turner v. State,* 600 S.W.2d 927, 929 (Tex. Crim.App.1980).

In *Crowder,* the appellant's conviction was reversed because the State failed to prove the requisite intent. The evidence showed that the defendant had signed his wife's name to four checks, drawn for a total of $70. Appellant cashed the checks and used the money to meet community expenses, keeping several dollars as pocket money. The court stated that while conduct of this nature could not be considered criminal, an entirely differ-

ent question would have arisen had the appellant absconded with community funds under circumstances which indicated a criminal intent. *Crowder,* 272 P.2d at 779.

Closer to the issue presented here, is the decision of *People v. Van Skander,* 20 Cal. App.2d 248, 66 P.2d 1228 (1937). In that case, the defendant's conviction was affirmed after he forged his wife's signature on a check. The court held the facts suggesting a criminal intent were (1) the appellant's secreting of the canceled check and (2) his attempt to imitate the appearance of his wife's signature.

■ In this case, appellant and her husband were separated. Appellant was given a $200 check on an account bearing only her husband's name. She added zeros to the amount and traced over her husband's writing so the check read "twenty hundred" instead of "two hundred." Once at the bank, she converted the check to cash and departed. If the complainant had not been married to the defendant, there would be little question that her actions demonstrate an intent to harm or defraud the complainant. Despite appellant's possible community interest in the appropriated funds, the record reveals appellant intended to take money from the possession of her husband, who certainly had an interest in the property, without his knowledge or consent. Under the facts before us, appellant's conduct demonstrates an intent to harm or defraud the complainant. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.