Karen Holley DIGGS, Appellant,

v.

The STATE of Texas.

No. 1441–96.

Court of Criminal Appeals of Texas, En Banc.

March 4, 1998.

Christopher Duncan, Angleton, for Appellant.

Jerome Aldrich, District Attorney, David Bosserman, Asst. District Attorney, Angleton, Matthew Paul, State's Atty., Austin, for the State.

---

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

A jury convicted appellant of forgery, sentenced her to seventeen years' confinement, and fined her $2,000. The Houston Court of Appeals affirmed the conviction and sentence. *Diggs v. State*, 928 S.W.2d 756 (Tex. App.—Houston [14th Dist.] 1996). We granted discretionary review on two grounds. We decide our decision to grant discretionary review was improvident. Therefore, we dismiss appellant's petition for discretionary review.

OVERSTREET, Judge, dissenting.

Appellant was charged by indictment with the offense of forgery, with intent to defraud or harm another, pursuant to § 32.21(b) of the Texas Penal Code, alleged to have been committed on or about August 12, 1993.[1] In April of 1995, in a trial by jury in the 23rd Judicial District Court of Brazoria County, appellant was found guilty. The jury then assessed punishment of confinement in the institutional division of the Texas Department of Criminal Justice for 17 years and a

1. The indictment included two enhancement   paragraphs.

fine of $2,000. The Fourteenth Court of Appeals affirmed the conviction. *Diggs v. State,* 928 S.W.2d 756 (Tex.App.—Houston [14th Dist.] 1996). This Court granted appellant's petition for discretionary review on two questions. The first question for review asks whether appellant waived her right to challenge all the evidentiary issues from the guilt/innocence phase of the trial by admitting three of the four elements of forgery during the punishment phase. The second question asks whether it was legally possible for appellant to commit the offense of forgery to obtain community property funds. The majority decides that this Court's decision to grant review on these two questions was improvident and therefore dismisses appellant's petition. I respectfully dissent.

## I. SUMMARY OF PERTINENT FACTS

At the time of the alleged offense, appellant, who had been married for five years, was in the midst of divorce proceedings with her husband, who quite interestingly was also the person who signed the affidavit accusing appellant of forgery. Thus two who no doubt started out in blissful romance ended up twice in the same courtroom, first for a divorce proceeding, and then for a criminal trial.[2]

Prior to becoming estranged, the couple jointly owned and operated a vending machine business and a bar, and to some degree afterwards continued with the same arrangement.[3] The complainant testified that while they jointly owned the bar, appellant operated it by herself. The profits from those businesses were deposited in a single commercial account, and both appellant and the complainant were authorized to access those funds. Once the relationship became less blissful and the couple separated, the complainant closed the commercial account and opened a new account using proceeds from the joint account, to which he was the only one authorized to withdraw funds. However, it is important to also note that the funds he alone was authorized to access were the

funds generated from the above described jointly owned businesses. The complainant wrote a $200 check payable to appellant as payment for the maintenance of their jointly owned bar. Appellant altered the amount of the check from $200 to $2000. As the complaining witness, appellant's then-husband filed an affidavit with the police, stating that his soon to be ex-wife altered the check he gave her without his permission. At the time of the criminal proceeding, the complainant had previously visited the 23rd Judicial District Court in its capacity as divorce court; i.e. by the time of the trial on the instant criminal charge, they were no longer husband and wife. The jury found appellant guilty of forgery and, after having found that she had previously been convicted of the felony offenses of driving while intoxicated, set her punishment at 17 years confinement and a $2,000 fine.

## II. COURT OF APPEALS HOLDING

On appeal, appellant claimed that she was denied the opportunity to cross-examine her ex-husband, the complainant, concerning his possible malice, animus, ill-will, bias, or prejudice toward her. The trial court disallowed such cross-examination. However, the court of appeals recognized that "[a]ny question asked of a witness on cross-examination which might have a tendency to affect the witness' credibility is a proper question." *Diggs v. State,* 928 S.W.2d at 757, (citing *Koehler v. State,* 679 S.W.2d 6, 9 (Tex.Cr. App.1984)). Nevertheless, the court of appeals, without reaching the merits of appellant's claim, accepted the State's argument that based on the *DeGarmo* doctrine, appellant waived any error which occurred at the guilt/innocence phase of the trial, by admitting to the act during the punishment phase of the trial. *Id.* (citing *DeGarmo v. State,* 691 S.W.2d 657, 661 (Tex.Crim.App.), *cert. denied,* 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985); *McGlothlin v. State,* 896 S.W.2d 183, 186 (Tex.Crim.App.), *cert. denied,* 516 U.S. 882, 116 S.Ct. 219, 133

---

**2.** The 23rd Judicial District Court has both family law and criminal law jurisdiction, and by coincidence, presided over both the divorce and criminal proceedings.

**3.** The vending machine business was owned by the husband prior to marriage but the machines were located in the bar.

L.Ed.2d 150 (1995)). After noting that at punishment appellant testified "that she altered the check and passed it without Mr. Diggs' knowledge or permission[,]" the court of appeals concluded that "[b]y making a judicial confession" at punishment, appellant "effectively entered a guilty plea," and thereby waived any issue regarding sufficiency of the evidence and all evidentiary issues from the guilt/innocence phase of the trial. *Diggs v. State*, 928 S.W.2d at 757.

### III. ANALYSIS

As reflected in the record, on direct examination during the punishment phase of the trial, when asked whether she altered the check without her ex-husband's authorization on direct examination, appellant admitted that she did so. V.T.C.A. PENAL CODE § 32.21. She did not, however, admit to possessing the intent to defraud either her ex-husband, the bank, or any other person.

While appellant acknowledged that she altered the check, she further testified that the purpose of the check was "[t]o pay the payment on the machines out of the EBW club[,]" which was a bar and lounge that the couple operated. On cross-examination, rather than simply asking appellant if she was guilty of the forgery, the following exchange took place between the prosecutor and appellant:

> Q: Now, in connection with the check case that we're talking about, you have admitted to the jury that you altered the check from $200 to $2,000, correct?
>
> A: Yes.
>
> Q: And you did it *without* Mr. Diggs' permission, correct?
>
> A: Mr. Diggs knew about it.
>
> Q: He knew that you were—before you passed it, that you were?
>
> A: Not before but right after. Yes, he did know.

Under a sufficiency of the evidence review, the specific intent needed to commit forgery in Texas can be inferred from the circumstances surrounding the commission of the crime. *Baker v. State*, 552 S.W.2d 818 (Tex. Crim.App.1977) (holding that defendant's knowledge that a check was forged and his intent to defraud could be found by putting together all of the circumstances surrounding defendant's conduct to cash a check without a driver's license). This is not a sufficiency of the evidence review; this is a review to determine whether appellant admitted being guilty of the crime of forgery. In the case at bar, however, that inference cannot be made under the circumstances which surrounded appellant's conduct. Based upon the totality of her direct and cross-examinations, it is clear that appellant believed she was accessing community property funds in which she had an ownership interest, rather than defrauding anyone in obtaining those funds. She never admitted to having the requisite intent to defraud or harm anyone. Thus, under the *DeGarmo* doctrine, appellant did not admit to being guilty of forgery; her admission to some portion of the crime did not constitute a full admission of guilt as required by *DeGarmo*. Because appellant did not make a full admission of guilt at the punishment phase of the trial, she did not waive her right to challenge the sufficiency of the evidence and any error that might have occurred during the guilt stage of the trial. *DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex. Crim.App.), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985). Thus the court of appeals erred in holding that appellant's testimony at punishment constituted a judicial admission and in effect a guilty plea.

### IV. CONCLUSION

This case should be remanded to the court of appeals to address the merits of appellant's first point of error, which claims that the trial court's refusal to allow cross-examination of the complainant constituted reversible error. Since the ruling on that point may dispose of the appeal, a determination on appellant's second question could wait until that ruling is made; thus it would be appropriate to dismiss question two without prejudice.

Because the majority dismisses this petition rather than remands this case to the court of appeals to address the merits of appellant's complaint about being restricted

in cross-examining the complainant, I respectfully dissent.

BAIRD and HOLLAND, JJ., join.