In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00152-CR
______________________________


JASON OLSON, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the County Criminal Court 5
Dallas County, Texas
Trial Court No. MB01-20542-F


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Jason Olson appeals from his conviction by a jury for driving while intoxicated. The
trial court assessed punishment at 120 days in jail, probated for twenty-four months, and
an $800.00 fine. Olson contends the court erroneously included a definition of "normal
use" (of his faculties) in the jury charge over his objection and erred by failing to grant his
motion to quash and to require the State to elect the acts on which it relied for
convictionâi.e., loss of his faculties or by having an alcohol concentration of .08 or greater. 
Â Â Â Â Â Â Â Â Â Â The evidence shows that Olson was stopped after being observed running a red
light. The arresting officer testified that Olson exhibited numerous signs of intoxication,
that his eyes were glassy and bloodshot, that his speech was slurred, and that there was
a strong smell of alcohol on his breath. Olson admitted to the officer he had been drinking. 
Olson failed field sobriety tests and was arrested. An intoxylizer test at the police station
showed an alcohol concentration level of at least .199. 
Â Â Â Â Â Â Â Â Â Â On appeal, Olson contends the trial court committed reversible error by instructing
the jury with a definition of "normal use." This is in connection with the portion of the
application paragraph in which the court instructed the jury it could not convict unless it
found beyond a reasonable doubt he "did not have the normal use of his mental or physical
faculties by reason of the introduction of alcohol, . . . ." The term "normal use" is not
defined by statute. 
Â Â Â Â Â Â Â Â Â Â Counsel objected to the use of the definition. The standard of review for errors in
the jury charge depends on whether the defendant properly objected. Mann v. State, 964
S.W.2d 639, 641 (Tex. Crim. App. 1998); Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984) (op. on reh'g); Gornick v. State, 947 S.W.2d 678, 680 (Tex.
App.âTexarkana 1997, no pet.). If a proper objection was raised, reversal is required if
the error is "calculated to injure the rights of defendant." Almanza, 686 S.W.2d at 171. In
other words, an error that has been properly preserved is reversible unless it is harmless. 
Id.
Â Â Â Â Â Â Â Â Â Â We first look to see if the court erred by giving the instruction. Although a term need
not be defined in a charge if not statutorily defined, Martinez v. State, 924 S.W.2d 693, 698
(Tex. Crim. App. 1996), other appellate courts have (if not approving such a definition)
found this instruction not to constitute reversible error. In Ford v. State,
No.Â 05-02-00065-CR, 2003 Westlaw 176355, atÂ *3 (Tex. App.âDallas Jan. 28, 2003, pet.
ref'd), and in Davy v. State, 67 S.W.3d 382, 394 (Tex. App.âWaco 2001, no pet.), the
same instruction appears as the one given in this case. "'Normal Use' as used herein
means the manner in which an average non-intoxicated person would be able to use his
or her mental or physical faculties." Olson argues that the definition in those cases is
confusing, based on the reasoning set out in Murphy v. State, 44 S.W.3d 656 (Tex.
App.âAustin 2001, no pet.). However, in Murphy, a much more lengthy instruction was
given that the court found to be confusing, misleading, and also a misstatement of the law. 
Id. at 664. 
Â Â Â Â Â Â Â Â Â Â Even in Davy, the Dallas court recognized that the short definition did not take the
defendant's evidence (of problems that might impact his ability to use his "mental or
physical faculties" as well as the "average non-intoxicated person") into account and did
not rest its eventual affirmance on the propriety of the definition, but instead on its review
of the charge as a whole, concluding that the later instruction on intoxication only allowed
the jury to convict if it found he did not have the normal use of his mental or physical
faculties by reason of the introduction of the intoxicating agent. 
Â Â Â Â Â Â Â Â Â Â We find this reasoning persuasive. We will not carte blanche approve the use of
this definition, but in this case, there is no indication of any other reason for Olson's poor
performance, and the definition is therefore not misleading. Further, as in Davy, the
application paragraph allows the jury to convict (in this context) only if the jury found Olson
did not have the normal use of his faculties by reason of the introduction of alcohol (as
opposed to some other reason). Accordingly, in this instance, we find no error, and even
if the definition were error, in light of the charge as a whole, any error was harmless.
Â Â Â Â Â Â Â Â Â Â Olson next contends the trial court erred by failing to require the State to elect which
act on which it was relying for its prosecution. The indictment alleged both definitions of
proving intoxicationâlack of normal use of faculties and alcoholic concentration of .08 or
more. Olson filed a motion to quash in which he also asked the court to require the State
to elect which manner and means of committing the offense on which it was relying. Olson
then reiterated his request at the close of testimony. 
Â Â Â Â Â Â Â Â Â Â If a statute provides more than one way for a defendant to commit the act or
omission, then on timely request the State must allege the manner and means it seeks to
establish, either separately or in some disjunctive combination. Garcia v. State, 747
S.W.2d 379, 380â81 (Tex. Crim. App. 1988). In Solis v. State, 787 S.W.2d 388, 391 (Tex.
Crim. App. 1990), the court held:
Because the methods of proving intoxication by alcohol are set out statutorily
and do not depend on any conduct committed by a defendant, other than
introduction of alcohol into the body--which was already alleged, the State
need not specify in the charging instrument whether it will use loss of
faculties or alcohol content to prove the offense.
Thus, the definition of intoxication need not be further alleged in the charging instrument.
In this case, the State alleged both definitions of intoxication in the disjunctive. Since the
State is not required to specify which definition it intends to prove, alleging both possible
ways to prove intoxication was proper. State v. Winskey, 790 S.W.2d 641, 642 (Tex. Crim.
App. 1990); Morris v. State, 89 S.W.3d 146, 150 (Tex. App.âCorpus Christi 2002, no pet.). 
Â Â Â Â Â Â Â Â Â Â When a statute sets out more than one way that an offense can be committed, each
of which is based on the same definition, is punishable in the same manner, and is not
repugnant to each other, the various methods of commission are not distinct offenses, may
be charged in the same indictment, and thus the State need not elect between the various
theories alleged, the jury may consider all theories and return a general verdict of guilty.
See Jurek v. State, 522 S.W.2d 934, 941 (Tex. Crim. App. 1975); Fitts v. State, 982
S.W.2d 175, 179 (Tex. App.âHouston [1st Dist.] 1998, pet. ref'd). The contention of error
is overruled.
Â Â Â Â Â Â Â Â Â Â We affirm the judgment of the trial court.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â April 27, 2004
Date Decided:Â Â Â Â Â Â Â Â Â April 28, 2004

Do Not Publish



LsdException Locked="false" Priority="61" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light List Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00002-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ANTHONY GENE HARRINGTON,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 8th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Hopkins County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 0719176

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  After
pleading ÂguiltyÂ to the offense of possession of a controlled substance,[1]
Anthony Gene Harrington was sentenced to ten yearsÂ deferred adjudication
community supervision.Â  Approximately two
years later, the State moved to proceed with adjudication of guilt, alleging
Harrington violated the terms of his community supervision by committing the
offense of forgery and in failing to comply with program rules and to
successfully complete his term of confinement and treatment in a substance
abuse felony punishment facility (SAFPF).Â 
Harrington complains of the judgment adjudicating his guilt.Â  We affirm the judgment of the trial court
because (1) the evidence supports a finding that Harrington committed forgery,
(2) the evidence supports a finding that Harrington failed to complete his term
in the SAFPF, and (3) no Confrontation Clause claim was preserved.

(1)Â Â Â Â Â Â Â  The Evidence Supports a Finding that Harrington
Committed Forgery

Â 

Â Â Â Â Â Â Â Â Â Â Â  Harrington initially complains the evidence was
legally insufficient to prove he violated his community supervision by
committing another offense and by failing to complete his period of confinement
and treatment in a SAFPF.Â  The record
demonstrates otherwise.

Â Â Â Â Â Â Â Â Â Â Â  Because a revocation hearing is unique, and because
the trial court has broad discretion in the proceedings, the general standards
for reviewing evidentiary sufficiency do not apply.Â  Miles
v. State, 343 S.W.3d 908, 913 (Tex. App.ÂFort Worth 2011, no pet.) (given
unique nature of revocation proceeding, evidentiary sufficiency challenges on
appeal do not apply to trial courtÂs decision to revoke community supervision);
Pierce v. State, 113 S.W.3d 431, 436
(Tex. App.ÂTexarkana 2003, pet. refÂd).Â 
We review a decision to adjudicate guilt Âin the same mannerÂ as we
review a decision to revoke community supervision.Â  Tex.
Code Crim. Proc. Ann. art. 42.12, Â§ 5(b) (West Supp. 2011).Â  The trial courtÂs decision to revoke
community supervision is reviewed for an abuse of discretion.Â  Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); In re T.R.S., 115 S.W.3d 318, 320 (Tex. App.ÂTexarkana 2003, no
pet.).Â  In order to revoke community
supervision, the State must prove by a preponderance of the evidence every element
of at least one ground for revocation.Â  T.R.S., 115 S.W.3d at 321.Â  If the greater weight of the credible
evidence creates a reasonable belief a defendant has violated a condition of
his or her community supervision, a revocation order is not an abuse of
discretion and must be upheld.Â  Rickels, 202 S.W.3d at 763Â64; T.R.S., 115 S.W.3d at 320Â21. 

Â Â Â Â Â Â Â Â Â Â Â  Harrington argues there is no rational justification
for finding him guilty of forgery beyond a reasonable doubt.Â  The standard in a revocation hearing is not
guilt beyond a reasonable doubt.Â  Rather,
the standard, as discussed above, is proof of each element of at least one
ground asserted for revocation by a preponderance of the evidence.Â  Moore
v. State, 11 S.W.3d 495, 498 (Tex. App.ÂHouston [14th Dist.] 2000, no
pet.).Â  A single violation is sufficient
to support revocation.Â  OÂNeal v. State, 623 S.W.2d 660, 661
(Tex. Crim. App. 1981).

Â Â Â Â Â Â Â Â Â Â Â  Here, the
motion to proceed to adjudication alleged Harrington committed the new offense
of forgery March 26, 2010, when Harrington forged a signature on a check that
was not his.Â Â  To sustain a finding of
forgery, the State had to prove that Harrington forged[2]
checks with the intent to defraud another.Â 
Tex. Penal Code Ann. Â§
32.21(b) (West 2011).

Â Â Â Â Â Â Â Â Â Â Â  At trial,
Nona Johnson testified that she and Harrington lived together for the past two
years, but were separated in April 2010.Â 
During that month, Harrington wrote six separate checks on JohnsonÂs
checking account, totaling in excess of $500.00.Â  Johnson testified that she is familiar with
HarringtonÂs handwriting and recognizes his signature on the checks.Â  Harrington did not have permission to draw
the checks on JohnsonÂs bank account.Â  On
discovery of these checks in her bank statement, Johnson confronted Harrington,
who told Johnson he would reimburse her for the checks.Â  After affording Harrington a reasonable
opportunity to replace the withdrawn funds, Johnson made a police report and
executed a forgery affidavit.Â  

Â Â Â Â Â Â Â Â Â Â Â  Because the
trial court was the sole trier of the facts and credibility, it was free to
believe JohnsonÂs uncontroverted testimony.Â 
See T.R.S., 115 S.W.3d at
321.Â  Accordingly, the evidence was
sufficient to prove each element of forgery, as alleged, by a preponderance of
the evidence.Â  See Diggs v. State, 928 S.W.2d 756, 758 (Tex. App.ÂHouston [14th
Dist.] 1996, pet. dismÂd) (wife forged check on husbandÂs account when couple
was separated, conviction affirmed).

(2)Â Â Â Â Â Â Â  The
Evidence Supports a Finding that Evans Failed to Complete His Term in the SAFPF

Â 

Â Â Â Â Â Â Â Â Â Â Â  The terms of
HarringtonÂs community supervision included the requirement that he
Âsuccessfully complete a term of confinement and treatment in a substance abuse
felony treatment facility (SAFPF) under this section, abiding by all rules and
regulations of said program for a term of not less than 90 days or more than 1
year.ÂÂ  The motion to proceed to
adjudication alleged Harrington failed to comply with program rules and to
successfully complete his term of confinement and treatment in the SAFPF.Â  

Â Â Â Â Â Â Â Â Â Â Â  Crystal Fetting,
HarringtonÂs substance abuse counselor at the SAFPF, testified that the
facility has a zero tolerance policy for violence and for threats of
violence.Â  While there, Harrington became
angry with another inmate and lunged at the inmate with his fists balled.Â  This incident was witnessed by a SAFPF staff
member, as well as by other inmates.Â  As
a result of this aggressive behavior, Harrington was discharged from the SAFPF,
and therefore failed to successfully complete his treatment there.Â  

Â Â Â Â Â Â Â Â Â Â Â  HarringtonÂs
account of these events does not include any threat of violence toward the
inmate.Â  Harrington concedes he was angry
with the inmate and Âwalked towardÂ him.Â 
He did not, however, physically threaten violence.Â  In a revocation hearing, the trial court is
the sole trier of facts and determines the credibility of the witnesses and the
weight to be given to the testimony.Â  T.R.S., 115 S.W.3d at 321.Â  The trial court may accept or reject any or
all of a witnessÂ testimony.Â  Id.Â 
This evidence could have led the trial court to conclude by a
preponderance of the evidence that Harrington failed to complete his term in
the SAFPF due to HarringtonÂs violation of rules against aggression.

Â Â Â Â Â Â Â Â Â Â Â  We conclude
that the greater weight of the credible evidence, when reviewed in a light most
favorable to the ruling, created a reasonable belief that Harrington violated
at least one condition of community supervision.Â  The trial court, therefore, did not abuse its
discretion in proceeding to adjudication of guilt and sentencing.Â  Pierce,
113 S.W.3d at 436.

(3)Â Â Â Â Â Â Â  No Confrontation Clause Claim Was
Preserved

Â 

Â Â Â Â Â Â Â Â Â Â Â  Alicia Bowden testified that she is FettingÂs
supervisor at the SAFPF in Winnsboro.Â 
BowdenÂs testimony centered on HarringtonÂs noncompliance with the
facility rules that prohibit even threats of aggressive behavior.Â  During the course of her testimony, Bowden
acknowledged the presence of witnesses to HarringtonÂs alleged aggressive
behavior.Â  On appeal, Harrington claims
he was deprived of his rights under Articles 1.05[3]
and 1.25[4]
of the Texas Code of Criminal Procedure because the witnesses to his alleged
aggressive behavior did not testify at trial, and were thus not subject to
cross-examination.Â  See Tex. Code Crim. Proc.
Ann. arts. 1.05, 1.25 (West 2005).

Â Â Â Â Â Â Â Â Â Â Â  HarringtonÂs
Confrontation Clause complaints[5]
were not raised to the trial court.Â  No
objection was made to the failure to call witnesses to the incident of alleged
aggressive behavior.Â  Further, no
objection was made to BowdenÂs or FettingÂs testimony regarding the alleged
aggressive behavior.Â  ÂThe purpose of
requiring the objection is to give to the trial court or the opposing party the
opportunity to correct the error or remove the basis for the objection.ÂÂ  Martinez
v. State, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000).Â  Harrington never complained to the trial
court that he was deprived of his right to confront the witnesses against
him.Â  Confrontation Clause complaints are
waived if they are not voiced at trial.Â  Paredes v. State, 129 S.W.3d 530, 535
(Tex. Crim. App. 2004) (trial objection on hearsay grounds failed to preserve
error on Confrontation Clause grounds); Wright
v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000).Â  Because error was not preserved, we need not
decide HarringtonÂs Confrontation Clause complaints.[6]

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the judgment of the trial court.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  November
14, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  December
8, 2011

Â 

Do Not Publish

Â 











[1]Tex. Health & Safety Code Ann. Â§
481.115(b) (West 2010).

Â 





[2]ÂForgeÂ
means Âto alter, make, complete, execute, or authenticate any writing so that
it purports . . . to be the act of another who did not authorize that
act.ÂÂ  Tex.
Penal Code Ann. Â§ 32.21(a)(1)(A)(i) (West 2011).

Â 





Â 





Â 





[5]In
all state and federal criminal prosecutions, the accused has a right,
guaranteed by the Sixth and Fourteenth Amendments to the United States
Constitution, Âto be confronted with the witnesses against him.Â Â U.S. Const.
amends. VI, XIV; Crawford v. Washington, 541 U.S. 36, 42 (2004); Pointer v. Texas, 380 U.S. 400,
406 (1965) (applying Sixth Amendment to states). Â Articles 1.05 and 1.25 of the Texas Code of
Criminal Procedure grant those rights of confrontation set forth in the Texas
Constitution. Â See Tex.
Const. art 1, Â§ 10.Â  The Texas
Constitution and the Texas Code of Criminal Procedure do not provide greater
protections than the United States Constitution.Â  King v.
State, 189 S.W.3d 347, 361Â62 (Tex. App.ÂFort Worth 2006, no pet.).Â  

Â 





[6]While
the Texas Court of Criminal Appeals has not considered whether the
Confrontation Clause applies to a revocation hearing, several intermediate
courts have determined that, because a revocation hearing is not a stage of a
criminal prosecution, the Confrontation Clause does not apply to such
hearings.Â  Wisser v. State, 350 S.W.3d 161, 163Â64 (Tex. App.ÂSan Antonio
2011, no pet.); Mauro v. State, 235
S.W.3d 374, 375Â76 (Tex. App.ÂEastland 2007, pet. refÂd); Trevino v. State, 218 S.W.3d 234, 239 (Tex. App.ÂHouston [14th Dist.]
2007, no pet.); Diaz v. State, 172 S.W.3d
668, 672 (Tex. App.ÂSan Antonio 2005, no pet.).