Affirmed and Memorandum Opinion filed February 15, 2005









Affirmed and Memorandum Opinion filed February 15, 2005.

 

 

 

In The

 

Fourteenth
Court of Appeals

_______________

 

NO. 14-03-00657-CR

_______________

 

CARL LEE RUNNELS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________________________

 

On Appeal from 178th District Court

Harris County, Texas

Trial Court
Cause No. 923,631

__________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Carl
Lee Runnels appeals his conviction for forgery of a commercial instrument on
the grounds that: (1) the evidence is legally and factually insufficient to
support his conviction; (2) the indictment did not invoke the trial court=s jurisdiction; (3) the sentence
imposed exceeds the range of punishment for a misdemeanor offense; and (4) he
received ineffective assistance of counsel. 
We affirm.








Background

On September 8, 2002, Dedra Johnson decided to attend the Houston Texans
football team=s first regular season game.  She had one ticket to the game, but needed
another for her mother.  When the women
arrived at the stadium, they saw several ticket brokers outside selling tickets
to the game.  Because the tickets being
sold by the stadium were too expensive, Johnson walked across the street to a
hotel parking lot, where she purchased a commemorative ticket from appellant.  Johnson walked back to the stadium, gave the commemorative
ticket to her mother, and the women proceeded to enter the stadium.  However, when the ticket attendant scanned
the commemorative ticket, it was rejected as having already been used that day.  Johnson was then informed by a Houston Texans= representative that the ticket was
counterfeit.  She walked back to the
hotel parking lot and asked appellant to refund the money she had paid for the
ticket.  When appellant refused, Johnson
left to locate a police officer.

On that same day, James Rensimer and a friend decided at the last minute
to attend the football game.  When they
arrived at the stadium, they drove into the hotel parking lot where appellant
was selling tickets.  They bought two
commemorative tickets from appellant for $75.00 each.  As Rensimer and his friend drove away from
the hotel parking lot, they saw law enforcement officials approach appellant
and assumed appellant was being arrested for ticket Ascalping.@ 
When Rensimer and his friend attempted to enter the stadium, their
tickets were also rejected as being counterfeit.  Rensimer and his friend directed an off-duty
police officer to appellant=s location.  By that
time, appellant had been taken into custody for selling the counterfeit ticket
to Johnson.  Both Johnson and Rensimer
positively identified appellant as the person from whom they had purchased the
counterfeit tickets. 

Sufficiency
of the Evidence








In his first two issues, appellant contends the evidence is legally and
factually insufficient to prove he knew the tickets he sold were
forgeries.  In a legal sufficiency
review, we consider all the evidence in a light most favorable to the verdict
and determine whether a rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000).  We affirm the
decision if any rational trier of fact could have found the elements of the
crime beyond a reasonable doubt.  McDuff v. State, 939 S.W.2d 607, 614 (Tex.
Crim. App. 1997).  In conducting a
factual sufficiency review, we view
the evidence in a neutral light and set aside the verdict
only if (1) the evidence supporting the verdict, if taken alone, is too weak to
support a verdict of guilt beyond a reasonable doubt, or (2) the contrary
evidence is so strong that the State could not have met its burden of proof beyond
a reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484B85 (Tex. Crim. App. 2004). 
We must be deferential to the jury=s findings and avoid substituting our
judgment for that of the fact finder.  Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

An essential element of forgery is
the intent to defraud or harm another.[1]  Diggs v. State, 928 S.W.2d 756,
758 (Tex. App.CHouston [14th Dist.] 1996), pet.
dism=d, 963 S.W.2d 78 (Tex. Crim. App. 1998).  This
intent may be inferred from the accused=s conduct
and circumstances surrounding the forgery. 
Turner v. State, 600 S.W.2d 927, 929 (Tex. Crim. App. 1980).  The intent may also inferred from evidence
the actor had knowledge that the instrument was forged.  Huntley v. State, 4 S.W.3d 813, 814
(Tex. App.CHouston [1st Dist.] 1999, pet.
ref=d).  Appellant contends the evidence is
insufficient to show intent because he did not know the tickets were forgeries.








Trial testimony established that the
bar code on the commemorative tickets sold by appellant corresponded to a
single season ticket owned by Randy Merritt. 
Chris Merritt, Randy=s brother, and the owner of A-1 Tickets, had sold the season
ticket to a ticket broker in Dallas.  At
trial, Chris testified that appellant occasionally sold A-1=s excess inventory Aon the street@ prior to events.  However, Chris stated he had not given
appellant any commemorative tickets to sell for this particular game.  Chris also testified that by simply looking
at the ticket, he could determine it was counterfeit, and he was confident
appellant could also have determined the ticket was counterfeit.  

Thus, the
State presented evidence the ticket was noticeably counterfeit, and the owner
of the ticket had not authorized its sale. 
Further, the commemorative tickets appellant sold to Johnson and
Rensimer that day were for the same section, row number, and seat.  In fact, Johnson=s forged
ticket was used to attempt to enter the stadium twenty-nine separate times on
the day of the game.  Viewing the
evidence in the light most favorable to the verdict, it is legally sufficient
to support appellant=s forgery
conviction. 








Likewise,
viewing the evidence impartially, we conclude it supports the jury=s
verdict.  Roy Wilson, another ticket broker, testified he saw a
man dressed in a Houston Astros cap and jersey selling commemorative tickets in
the same hotel parking lot. 
Appellant testified that he did not sell any commemorative tickets the
day of the game and speculated that Johnson might have bought her forged ticket
from the man in the Astros cap, rather than from him.  Sandy Marshall, appellant=s companion that day, testified
Johnson had purchased commemorative tickets from the man in the Astros cap, and
had only asked appellant whether the tickets were genuine.  Also, appellant stated he replied that he did
not know whether the tickets were genuine, and then returned them to
Johnson.  He stated that Johnson later
returned and asked him the location of the man who had sold her the
tickets.  Appellant testified he did not
recall selling tickets to James Rensimer and his friend.  Appellant also contends that by remaining in
the parking lot continuing to sell tickets, his conduct was consistent with
innocence rather than guilt.  However,
while this evidence may conflict with Johnson=s
testimony, the jury alone is charged with reconciliation of such
conflicts.  Mosley v. State, 983
S.W.2d 249, 254 (Tex. Crim. App. 1998). 
The State=s
evidence, that all of the commemorative tickets sold by appellant that day were
for the same seat, reflects appellant=s knowledge that the tickets were forged. We conclude the
evidence supporting appellant=s guilt is not so weak as to be unable to support a finding
of guilt beyond a reasonable doubt, nor was the contrary evidence so strong
that the State=s burden of proof beyond a reasonable
doubt could not have been met.  Zuniga,
144 S.W.3d at 484B85. Appellant=s first and second issues are overruled.

The
Indictment

In his third issue, appellant
contends that because the indictment did not state that a commercial instrument
was forged, it did not allege a felony offense and failed to invoke the trial
court=s jurisdiction.

Jurisdiction must be invoked by
properly and completely alleging an offense against the laws of Texas.  Ex parte Kirby, 626 S.W.2d 533, 534 (Tex. Crim. App. 1981).  An indictment is sufficient if it charges the
defendant committed an offense in ordinary and concise language in a manner
which enables a person of common understanding to know what is meant.  See Tex.
Code Crim. Proc. Ann. art. 21.21 (Vernon 1989).  The Penal Code provides that forgery is a
state jail felony if Athe writing is or purports to be a will, codicil, deed, deed
of trust, mortgage, security instrument, security agreement, credit card,
check, authorization to debit an account at a financial institution, or similar
sight order for payment of money, contract, release, or other commercial
instrument.@  Tex.
Pen. Code Ann. ' 32.21(d)
(Vernon 2003).  The Penal Code does not
define Acommercial
instrument@ and, in this case, a specific
definition of that term was not contained in the indictment.  The State, however, attached a photocopy of
the ticket that appellant was charged with forging as Exhibit A.  Appellant contends, however, that the face of
the indictment does not charge him with a felony offense.








The
indictment listed the felony charge as AFORGERYCCOMMERCIAL
INSTRUMENT@ and stated that appellant Adid then
and there unlawfully, and with intent to defraud and harm, forge the writing
duplicated attached hereto as Exhibit A, which purported to be the act of
another who did not authorize that act, by possessing it with intent to utter
it and while knowing it was forged[.]@  We conclude the indictment sets forth, in
clear and sufficient language, information regarding the type of writing
appellant allegedly forged and the commercial instrument appellant was charged
with forging.  Accordingly, we find the
indictment invoked the jurisdiction of the district court, and appellant=s third
issue is overruled.

In his
fourth issue, appellant contends he was given a sentence beyond the range of
punishment because the jury=s verdict
shows only that he was convicted of a misdemeanor offense.  Appellant reasons that because the jury=s verdict
found him guilty Aas
charged in the indictment,@ he was
not found guilty of a felony offense. 
Because we have rejected appellant=s
argument in his third issue, appellant=s fourth
issue is also overruled.

Ineffective Assistance of Counsel

In
appellant=s fifth issue, he contends he
received ineffective assistance of counsel because his attorney failed to move
to suppress identification testimony based on an improperly suggestive Aone
person show-up@ at the scene.  Prior to trial, appellant=s
attorney filed a motion to suppress identification testimony on the grounds
that the Aone person show-up@ was
impermissibly suggestive.  The record
reflects no ruling on this motion, nor that the motion was re-urged at
trial.  Further, no motion for new trial
was filed.








Both the
United States and Texas Constitutions guarantee an accused the right to
assistance of counsel.  U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.051
(Vernon Supp. 2004).  This right
necessarily includes Areasonably
effective@ assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App.
1997).  To prove ineffective assistance
of counsel, appellant must show (1) trial counsel=s
representation fell below an objective standard of reasonableness based on
prevailing professional norms, and (2) there is a reasonable probability that
the result of the proceeding would have been different but for trial counsel=s
deficient performance.  Strickland,
466 U.S. at 688B96.

In
assessing appellant=s claims,
there is a strong presumption that trial counsel was competent.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  We presume
counsel=s actions
and decisions were reasonably professional and motivated by sound trial
strategy.  See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
Appellant has the burden to rebut this presumption by presenting
evidence illustrating why trial counsel did what he or she did.  See id.  An appellant cannot meet this burden when
counsel=s actions
may have been based on tactical decisions and the record does not indicate the
reasons for trial counsel=s
conduct.  See Bone v. State, 77 S.W.3d
828, 830 (Tex. Crim. App. 2002).  Without
a motion for new trial asserting ineffective assistance, the record is silent
as to why counsel acted as he did.  When
presented with a silent record, this court will not speculate as to why trial
counsel did or did not raise objections to the evidence.  See Jackson, 877 S.W.2d at 771.  In the absence of any evidence to the
contrary, we cannot conclude trial counsel=s
performance was deficient.  See id.  Appellant=s fifth
issue is overruled.

Accordingly, the judgment of the
trial court is affirmed.

 

/s/        Eva M.
Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed February 15, 2005.

Panel consists of Justices Yates,
Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  The State must
also show that the accused passed a writing, purported to be the act of
another, who did not authorize the act.  Huntley
v. State, 4 S.W.3d 813, 814 (Tex. App.CHouston
[1st Dist.] 1999, pet. ref=d).