In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00002-CR

                                                ______________________________

 

 

                           ANTHONY GENE HARRINGTON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 0719176

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            After
pleading “guilty” to the offense of possession of a controlled substance,[1]
Anthony Gene Harrington was sentenced to ten years’ deferred adjudication
community supervision.  Approximately two
years later, the State moved to proceed with adjudication of guilt, alleging
Harrington violated the terms of his community supervision by committing the
offense of forgery and in failing to comply with program rules and to
successfully complete his term of confinement and treatment in a substance
abuse felony punishment facility (SAFPF). 
Harrington complains of the judgment adjudicating his guilt.  We affirm the judgment of the trial court
because (1) the evidence supports a finding that Harrington committed forgery,
(2) the evidence supports a finding that Harrington failed to complete his term
in the SAFPF, and (3) no Confrontation Clause claim was preserved.

(1)        The Evidence Supports a Finding that Harrington
Committed Forgery

 

            Harrington initially complains the evidence was
legally insufficient to prove he violated his community supervision by
committing another offense and by failing to complete his period of confinement
and treatment in a SAFPF.  The record
demonstrates otherwise.

            Because a revocation hearing is unique, and because
the trial court has broad discretion in the proceedings, the general standards
for reviewing evidentiary sufficiency do not apply.  Miles
v. State, 343 S.W.3d 908, 913 (Tex. App.—Fort Worth 2011, no pet.) (given
unique nature of revocation proceeding, evidentiary sufficiency challenges on
appeal do not apply to trial court’s decision to revoke community supervision);
Pierce v. State, 113 S.W.3d 431, 436
(Tex. App.—Texarkana 2003, pet. ref’d). 
We review a decision to adjudicate guilt “in the same manner” as we
review a decision to revoke community supervision.  Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2011).  The trial court’s decision to revoke
community supervision is reviewed for an abuse of discretion.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); In re T.R.S., 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no
pet.).  In order to revoke community
supervision, the State must prove by a preponderance of the evidence every element
of at least one ground for revocation.  T.R.S., 115 S.W.3d at 321.  If the greater weight of the credible
evidence creates a reasonable belief a defendant has violated a condition of
his or her community supervision, a revocation order is not an abuse of
discretion and must be upheld.  Rickels, 202 S.W.3d at 763–64; T.R.S., 115 S.W.3d at 320–21. 

            Harrington argues there is no rational justification
for finding him guilty of forgery beyond a reasonable doubt.  The standard in a revocation hearing is not
guilt beyond a reasonable doubt.  Rather,
the standard, as discussed above, is proof of each element of at least one
ground asserted for revocation by a preponderance of the evidence.  Moore
v. State, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no
pet.).  A single violation is sufficient
to support revocation.  O’Neal v. State, 623 S.W.2d 660, 661
(Tex. Crim. App. 1981).

            Here, the
motion to proceed to adjudication alleged Harrington committed the new offense
of forgery March 26, 2010, when Harrington forged a signature on a check that
was not his.   To sustain a finding of
forgery, the State had to prove that Harrington forged[2]
checks with the intent to defraud another. 
Tex. Penal Code Ann. §
32.21(b) (West 2011).

            At trial,
Nona Johnson testified that she and Harrington lived together for the past two
years, but were separated in April 2010. 
During that month, Harrington wrote six separate checks on Johnson’s
checking account, totaling in excess of $500.00.  Johnson testified that she is familiar with
Harrington’s handwriting and recognizes his signature on the checks.  Harrington did not have permission to draw
the checks on Johnson’s bank account.  On
discovery of these checks in her bank statement, Johnson confronted Harrington,
who told Johnson he would reimburse her for the checks.  After affording Harrington a reasonable
opportunity to replace the withdrawn funds, Johnson made a police report and
executed a forgery affidavit.  

            Because the
trial court was the sole trier of the facts and credibility, it was free to
believe Johnson’s uncontroverted testimony. 
See T.R.S., 115 S.W.3d at
321.  Accordingly, the evidence was
sufficient to prove each element of forgery, as alleged, by a preponderance of
the evidence.  See Diggs v. State, 928 S.W.2d 756, 758 (Tex. App.—Houston [14th
Dist.] 1996, pet. dism’d) (wife forged check on husband’s account when couple
was separated, conviction affirmed).

(2)        The
Evidence Supports a Finding that Evans Failed to Complete His Term in the SAFPF

 

            The terms of
Harrington’s community supervision included the requirement that he
“successfully complete a term of confinement and treatment in a substance abuse
felony treatment facility (SAFPF) under this section, abiding by all rules and
regulations of said program for a term of not less than 90 days or more than 1
year.”  The motion to proceed to
adjudication alleged Harrington failed to comply with program rules and to
successfully complete his term of confinement and treatment in the SAFPF.  

            Crystal Fetting,
Harrington’s substance abuse counselor at the SAFPF, testified that the
facility has a zero tolerance policy for violence and for threats of
violence.  While there, Harrington became
angry with another inmate and lunged at the inmate with his fists balled.  This incident was witnessed by a SAFPF staff
member, as well as by other inmates.  As
a result of this aggressive behavior, Harrington was discharged from the SAFPF,
and therefore failed to successfully complete his treatment there.  

            Harrington’s
account of these events does not include any threat of violence toward the
inmate.  Harrington concedes he was angry
with the inmate and “walked toward” him. 
He did not, however, physically threaten violence.  In a revocation hearing, the trial court is
the sole trier of facts and determines the credibility of the witnesses and the
weight to be given to the testimony.  T.R.S., 115 S.W.3d at 321.  The trial court may accept or reject any or
all of a witness’ testimony.  Id. 
This evidence could have led the trial court to conclude by a
preponderance of the evidence that Harrington failed to complete his term in
the SAFPF due to Harrington’s violation of rules against aggression.

            We conclude
that the greater weight of the credible evidence, when reviewed in a light most
favorable to the ruling, created a reasonable belief that Harrington violated
at least one condition of community supervision.  The trial court, therefore, did not abuse its
discretion in proceeding to adjudication of guilt and sentencing.  Pierce,
113 S.W.3d at 436.

(3)        No Confrontation Clause Claim Was
Preserved

 

            Alicia Bowden testified that she is Fetting’s
supervisor at the SAFPF in Winnsboro. 
Bowden’s testimony centered on Harrington’s noncompliance with the
facility rules that prohibit even threats of aggressive behavior.  During the course of her testimony, Bowden
acknowledged the presence of witnesses to Harrington’s alleged aggressive
behavior.  On appeal, Harrington claims
he was deprived of his rights under Articles 1.05[3]
and 1.25[4]
of the Texas Code of Criminal Procedure because the witnesses to his alleged
aggressive behavior did not testify at trial, and were thus not subject to
cross-examination.  See Tex. Code Crim. Proc.
Ann. arts. 1.05, 1.25 (West 2005).

            Harrington’s
Confrontation Clause complaints[5]
were not raised to the trial court.  No
objection was made to the failure to call witnesses to the incident of alleged
aggressive behavior.  Further, no
objection was made to Bowden’s or Fetting’s testimony regarding the alleged
aggressive behavior.  “The purpose of
requiring the objection is to give to the trial court or the opposing party the
opportunity to correct the error or remove the basis for the objection.”  Martinez
v. State, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000).  Harrington never complained to the trial
court that he was deprived of his right to confront the witnesses against
him.  Confrontation Clause complaints are
waived if they are not voiced at trial.  Paredes v. State, 129 S.W.3d 530, 535
(Tex. Crim. App. 2004) (trial objection on hearsay grounds failed to preserve
error on Confrontation Clause grounds); Wright
v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000).  Because error was not preserved, we need not
decide Harrington’s Confrontation Clause complaints.[6]

            We
affirm the judgment of the trial court.

 

 

            

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          November
14, 2011

Date Decided:             December
8, 2011

 

Do Not Publish

 











[1]Tex. Health & Safety Code Ann. §
481.115(b) (West 2010).

 





[2]“Forge”
means “to alter, make, complete, execute, or authenticate any writing so that
it purports . . . to be the act of another who did not authorize that
act.”  Tex.
Penal Code Ann. § 32.21(a)(1)(A)(i) (West 2011).

 





 





 





[5]In
all state and federal criminal prosecutions, the accused has a right,
guaranteed by the Sixth and Fourteenth Amendments to the United States
Constitution, “to be confronted with the witnesses against him.”  U.S. Const.
amends. VI, XIV; Crawford v. Washington, 541 U.S. 36, 42 (2004); Pointer v. Texas, 380 U.S. 400,
406 (1965) (applying Sixth Amendment to states).  Articles 1.05 and 1.25 of the Texas Code of
Criminal Procedure grant those rights of confrontation set forth in the Texas
Constitution.  See Tex.
Const. art 1, § 10.  The Texas
Constitution and the Texas Code of Criminal Procedure do not provide greater
protections than the United States Constitution.  King v.
State, 189 S.W.3d 347, 361–62 (Tex. App.—Fort Worth 2006, no pet.).  

 





[6]While
the Texas Court of Criminal Appeals has not considered whether the
Confrontation Clause applies to a revocation hearing, several intermediate
courts have determined that, because a revocation hearing is not a stage of a
criminal prosecution, the Confrontation Clause does not apply to such
hearings.  Wisser v. State, 350 S.W.3d 161, 163–64 (Tex. App.—San Antonio
2011, no pet.); Mauro v. State, 235
S.W.3d 374, 375–76 (Tex. App.—Eastland 2007, pet. ref’d); Trevino v. State, 218 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.]
2007, no pet.); Diaz v. State, 172 S.W.3d
668, 672 (Tex. App.—San Antonio 2005, no pet.).








";
mso-bidi-theme-font:minor-bidi;mso-ansi-language:EN-US;mso-fareast-language:
EN-US;mso-bidi-language:AR-SA'>[4]A
prosecutor’s comment amounts to a comment on a defendant’s failure to testify
only if the prosecutor manifestly intends the comment to be, or the comment is
of such character that a typical jury would naturally and necessarily take it
to be, a comment on the defendant’s failure to testify.  Bustamante
v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).  It is not sufficient that the comment might be
construed as an implied or indirect allusion to the defendant’s failure to
testify.  Id.





[5]Prosecutorial
jury argument is permissible if it falls within one of the following
categories:  (1) summation of the
evidence; (2) reasonable deduction drawn from the evidence; (3) answer to
argument of opposing counsel; and (4) a plea for law enforcement.  Cannady
v. State, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000); Shannon v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996).  Lawyers are permitted to express reasonable
deductions so long as they are based on the evidence in the record and do not
constitute unsworn testimony.  Penry v. State, 903 S.W.2d 715, 756
(Tex. Crim. App. 1995) (per curiam); Bui
v. State, 964 S.W.2d 335, 345 (Tex. App.—Texarkana 1998, pet. ref’d).